# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

SAUL ZELAYA, individually;
And other similarly situated individuals,

    Plaintiff(s),

v.

**ST. JAMES BOATWORKS, INC.,**
a Florida Profit Corporation,
**JAMES E. ROBERTS,** individually;

    Defendant(s).
_____/

## COMPLAINT

Plaintiff **SAUL ZELAYA**, individually; and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, ST. JAMES BOATWORKS, INC., a Florida Profit Corporation, individually; and JAMES E. ROBERTS, individually; collectively ("Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and Fla. Statue 448.08.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, working in Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, ST. JAMES BOATWORKS, INC., a Florida Profit Corporation, located in Broward County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, JAMES E. ROBERTS, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ST. JAMES BOATWORKS, INC.

6. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants from on or about November 15, 2014, through on or about September 5th, 2016.

10. Plaintiff was a non-exempt employee, by virtue of the way Plaintiff was paid and/or Plaintiff's job duties.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week from the past one and a half year, as proscribed by the laws of the United States and the State of Florida.

13. Plaintiff, from the past one and a half year, worked approximately ten (10) overtime hours each week for which Plaintiff was not paid 1.5 times her regular rate as provided by the FLSA.

14. Plaintiff did not receive payment of all hours worked, during relevant time period, from on or about November 15, 2014, through on or about September 5th, 2016.

15. Plaintiff is still owed for his last twenty two (22) hours of work.

16. Throughout Plaintiff's employment with Defendants, Plaintiff was not paid the agreed hourly rate of $46.00 per hour for all hours worked. In fact, Defendants breached their verbal contract by paying Plaintiff $36.00 per hour instead of $46.00 for all hours worked.

17. Defendants own 2 large Shops. One Shop is to build boats and the other Shop is to do finish work (install engines, electricity, etc.).

18. Throughout Plaintiff's employment with Defendants, Plaintiff's duties were to do finish work on boats built from scratch, generally for individuals that were not Florida residents.

19. Between years 2015 and 2016, while Plaintiff was working for Defendants, the company built five (5) boats. Each boat's value was for approximately $200,000.00.

20. On or about year 2015, the company built a boat for more than $150,000.00 and Plaintiff did the finish work.

21. Defendants' main business is to build boats between 20 feet and 24 feet in size.

22. Throughout Plaintiff's employment with Defendants, Plaintiff lent to Defendants his own compressor for use at the job site; but Defendants are now refusing to return Plaintiff's compressor, despite that Plaintiff has total ownership over the tool.

## COUNT I
### *Wage & Hour Federal Statutory Violation against ST. JAMES BOATWORKS, INC.*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

25. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27. Upon information and belief, at all times material hereto, Corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

28. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

29. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

30. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

31. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT II
*Wage & Hour Federal Statutory Violation against*
*JAMES E. ROBERTS*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

33. At the times mentioned, Defendant was, and is now, a Manager of corporate Defendant, ST. JAMES BOATWORKS, INC.

34. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

35. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

36. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Breach of Agreement Against*
### *ST. JAMES BOATWORKS, INC.,*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

38. Defendant, pursuant to a verbal Agreement was to compensate Plaintiff $46.00 per hour.

39. Defendant breached its agreement with Plaintiff by not paying $46.00 for all hours worked under their verbal agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

40. Plaintiff seeks to recover Attorney Fees pursuant to Fla. Statue 448.08.

41. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT IV. UNJUST ENRICHMENT/QUANTUM MERUIT

42. Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this complaint as if fully set forth herein.

43. As described herein, Defendant has retained wages from Plaintiff, which were fully earned and should be paid, pursuant to the agreement.

44. Since Defendant has retained and failed to remit the wages earned and owed to Plaintiff, they have been unjustly enriched. This will result in a windfall for Defendant and undue prejudice to Plaintiff.

45. Although Plaintiff terminated the agreement as of September 5th, 2016, Defendant has not performed all of its obligations outlined under the Agreement.

46. If Defendant retains the owed wages and renege on the obligations outlined in the agreement, it will receive a windfall. Only by remitting the wages earned pursuant to the agreement will the Plaintiff, Plaintiff, be compensated in accordance with the amount of hours he has worked and the status quo preserved.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, restitution, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT V: PROMISORRY ESTOPEL

47. Plaintiff re-alleges and incorporates paragraphs 1 through 22 of this complaint as if fully set forth herein.

48. Defendant made misrepresentations of material facts to Plaintiff in regards to promises made by Defendant to fairly and regularly compensate Plaintiff in accordance to the terms of the agreement.

49. Defendant promises to Plaintiff were definite and substantial in nature.

50. Defendant should have reasonably expected to induce action or forbearance on the part of Plaintiff based on its promises/misrepresentations.

51. Plaintiff reasonably relied on Defendant's promises/misrepresentations to his detriment as Defendant's promises/misrepresentations did in fact induce such action and forbearance by Plaintiff.

52. Enforcement of Defendant's promise to Plaintiff is necessary in order to avoid manifest injustice to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant, jointly and severally, for compensatory damages, reliance damages, costs of this action and such other and further relief as this Honorable Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/16/17

Respectfully submitted,

/s/ Anthony M. Georges-Pierre
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com